IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIN YEONG HWANG,     Plaintiff,     vs. SIX UNKNOWN NAMES AGENTS, et al.,     Defendants. | 1:12-cv-00337-LJO-GSA-PC ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE (Doc. 3.) ORDER FOR CLERK TO CLOSE CASE |

On March 9, 2012, the court issued an order striking Plaintiff's Complaint as unsigned, and requiring Plaintiff to file a signed Complaint and either file an application to proceed in forma pauperis or pay the filing fee for this action, within thirty days. (Doc. 3.) The thirty day period has now expired, and Plaintiff has not responded to the Court's order.[1]

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has

---

[1] The United States Postal Service returned the order on March 22, 2012 as undeliverable. A notation on the envelope indicates that the mail was Refused.

1

been pending since March 2, 2012. Plaintiff's refusal to accept the Court's mail may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by submitting a signed Complaint and resolving the payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to sign the Complaint and pay the filing fee in the first instance and to respond to the Court's order in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is a prisoner who has not paid the filing fee and refuses to accept the Court's mail, it is probable that monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, based on Plaintiff's failure to obey the court's order of March 9, 2012 and Plaintiff's failure to prosecute this action; and
2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

**Dated:   April 23, 2012**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE